# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKLYN HODGE,<br><br>      Petitioner,<br><br>vs.<br><br>COPENHAVER,<br><br>      Respondent. | Case No.:12-cv-01441-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

      Petitioner filed the instant petition for writ of habeas corpus on September 4, 2012. Petitioner is currently serving a sentence imposed in the United States District Court for the Southern District of Miami, Florida. On June 11, 2001, Petitioner was sentenced to 235 months imprisonment as a career offender under 18 U.S.C. § 924(e). Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, which is within the jurisdiction of this Court.[1]

---

[1] The Court takes judicial notice of the case docket of his underlying conviction in the United States District Court for the Southern District of Miami, Florida, case number 1:00-cr-01025 United States v. Rocklyn D. Hodge. Rule 201 of the Federal Rules of Evidence allows this Court may take judicial notice of filings in another case. See Biggs

Petitioner appealed his conviction to the United States Court of Appeals for the Eleventh Circuit.  The Eleventh Circuit affirmed the judgment on February 7, 2003.

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

---

v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception.  Id.; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

       In this case, Petitioner seeks relief pursuant to the holding of the United States Supreme Court in Johnson v. United States, __ U.S. __, 130 S.Ct. 1265 (2010), which held that a Florida battery statute that criminalized intentional striking, touching, and causing of bodily harm to another person was not a "violent felony" for purposes of § 924(e)(2)(B)(i).  Johnson, 130 S.Ct. at 1269, 1273-1274.  In so holding, the Court interpreted the "physical force" requirement in that statute as "violent force … capable of causing physical pain or injury to another person" and "strong physical force."  Id. at 1271.  Petitioner contends that he is actually innocent of the § 924(e) enhancement because he was sentenced for a non-existing offense, and could not have received more than ten years under the crime for which he was convicted.

       Petitioner concedes that he has previously filed a § 2255 motion and he tried unsuccessfully to file a successive § 2255 motion.  (Petition, at 9.)  The fact that Petitioner has previously filed a § 2255 motion which was denied does not render such relief inadequate or ineffective.  Aronson v. May, 85 S.Ct. at 5.  Further, the fact that the Eleventh Circuit denied his request to file a second and successive motion does not render such relief inadequate and/or ineffective.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction which subjected him to mandatory enhancement. Petitioner's argument fails because it is a purely legal argument. Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012) (argument that petitioner was incorrectly treated as a career offender, is a purely legal claim that does not demonstrate factual innocence.) Under the savings clause Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under section 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-240 (1998). Appeal

from a proceeding that is normally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

As explained herein, in the instant petition Petitioner is raising claims attacking only the legality of his sentence, not the execution of his sentence.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus be DISMISSED;
2. The Clerk of Court be directed to enter judgment, terminating this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 9, 2012**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE