# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKLYN HODGE,<br><br>        Petitioner,<br><br>   vs.<br><br>COPENHAVER,<br><br>        Respondent. | Case No.:12-cv-01441-DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 10, 2012, ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 6) |

       On October 10, 2012, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, was dismissed for lack of jurisdiction.[1]

       Now pending before the Court is Petitioner's motion for reconsideration filed on October 31, 2012, in which Petitioner contends that the savings clause of section 2255 applies and his claim is cognizable by way of section 2241.

       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

      (1) mistake, inadvertence, surprise, or excusable neglect;
      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party:
      (4) the judgment is void;
      (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

      Motions for reconsideration are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 818 F.2d 514 (9th Cir. 1987).

      Petitioner's motion for reconsideration is based on his disagreement with the Court's dismissal of his petition and the application of the law to his petition. There is clearly no merit to Petitioner's claim that relief under section 2255 is "inadequate" or "ineffective" because the United States Court of Appeals for the Eleventh Circuit denied Petitioner's application for leave to file a second or successive motion to vacate, set aside, or correction his sentence under section 2255, in case number 11-15453-B, finding that Johnson v. United States, 599 U.S. 133 (2010), the case upon which Petitioner relies, did not announce a new rule of constitutional law and, even assuming so, there is no basis to find that the decision applies retroactively.[2] (See Docket in 11-15453-B.) As stated in the Court's October 12, 2012 order, a court's denial of a prior section 2255 motion is insufficient to render section 2255 inadequate. See Aronson v. May, 85

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

S.Ct. 3, 5 (1964).  Moreover, Petitioner is still seeking relief on his claims in the United States District Court for the Southern District of Florida, in case number 1:00-cr-01025, <u>United States v. Rocklyn D. Hodge</u>, as a motion to vacate was filed on October 15, 2012 and is still pending. (Doc. 110 in 1:00-cr-01025.)  Petitioner has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009). Petitioner's disagreement is not sufficient grounds for relief form the order.  <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Based on the foregoing, Petitioner's motion for reconsideration must be DENIED.

IT IS SO ORDERED.

Dated:   **February 25, 2013**             /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE